# SUPERIOR COURT OF BALTIMORE CITY.

Filed October 27, 1909.

MAYOR AND CITY COUNCIL
OF BALTIMORE
VS.
THOMAS.

*Edgar A. Poe* and *Sylvan H. Lauchheimer* for plaintiff.

*Wm. S. Bryan, Jr.,* and *J. Kemp Bartlett* for defendant.

NILES, J.—

The demurrer in this case must be overruled.

The declaration sets forth in terms the official bond of J. Sewell Thomas as City Register for the City of Baltimore, the condition of which is "that if the above bound J. Sewell Thomas shall well and faithfully execute the duties of said office in all things ap-

pertaining thereto, and shall well and truly account for, and pay over, all moneys belonging to said Mayor and City Council which may in any manner come to his hands, while holding said office, or which may be received by him by virtue of said office, as directed by the Laws of the State of Maryland and the Ordinances of the Mayor and City Council of Baltimore, then this obligation to be void; otherwise to remain in full force and virtue in law."

It then sets out as breach "that the said J. Sewell Thomas, by virtue of his office as such City Register, in accordance with law, from time to time received and collected and had in his possession for, and on account of, the plaintiff, large sums of money, so that the said J. Sewell Thomas during all said time that he continues (continued) in office as aforesaid * * * collected and received in his hands, amongst other sums the sum of $52,794.46, which said sum of $52,794.46 it was then and there the duty of said J. Sewell Thomas, City Register (as required of him by law), to pay over and account for to the plaintiff. But the plaintiff says that the said J. Sewell Thomas, as such City Register, did not so pay over, or account for, to the plaintiff, said sum of $52,794.-46, or any part thereof, but, on the contrary, from time to time, between the said 11th day of June, 1907, and the 1st day of June, 1909, failed to account for the same, and has not since paid over, or accounted for, the same, or any part thereof, to the plaintiff, by reason of which the plaintiff says that the said J. Sewell Thomas, as such City Register, did not well and faithfully execute the duties of said office, and did not well and truly account for and pay over all moneys belonging to the Mayor and City Council, which came into his hands in any manner while holding said office, or which he received, by virtue of said office, as directed by law, and as by such writing obligatory he had undertaken to do," &c.

## I.

It is contended by the defendant that the charge in the declaration must be, on a fair construction thereof, limited to a charge of "failing to account and pay over money received by him in virtue of said office, as directed by law, that whether moneys were so received by him is necessarily a question of law, and that the declaration does not, therefore, charge facts, but legal conclusions; and is bad on demurrer for this reason.

This Court does not so understand the declaration.

The fact therein charged is the receipt by Thomas of the sum of money named "by virtue of his office as such City Register," and his failure to "pay over or account for the same to the plaintiff." The declaration then charges that this fact constituted a breach of the conditions of the bond.

This latter allegation is, of course, a conclusion of law, and is not admitted by the demurrer, but its insertion is customary, and certainly could be no more than surplusage, and could not invalidate the declaration.

The declaration was stated to be drawn upon the model of the declaration in the case of Vansant vs. State, 96 Md., 110.

There is one very important difference between two declarations that may possibly have a bearing upon other aspects of this case.

In the Vansant case the narr. stated that Vansant had "converted the money to his own use," while in this narr. there is no such allegation, but in regard to the point now made by defendant and before the Court, there appears to this Court to be no substantial difference.

The declaration in that case was demurred to, and demurrers were twice filed to pleas. This brought the sufficiency of the narr. in that case before the Court at three separate times. The lower Court sustained the narr., and its rulings were upheld by the Court of Appeals.

On the authority of that case, therefore, this Court thinks itself bound to hold against the defendants upon this point, and even were there an absence of authority there is in this Court's opinion no reason to strike down this declaration on the ground that it charges matters of law and not of fact.

## II.

The real difference between the parties is that the plaintiff insists that under the bond the liability of Thomas to account for and pay over moneys

received by him as City Register is absolute, that for such accounting and payment he is "an insurer," and that no excuse for failure to so account and pay can be set up by him.

The defendant on the other hand insists that, under the bond construed with reference to the statutes and the ordinances which are by agreement to be considered as set forth in the narr., the liability of Thomas for money so received is not that of an "Insurer," but of a "Bailee," and that, while he is bound to a high degree of diligence in order to properly account for and pay over such money, he would not be liable if a failure to account or pay over occurred without fault on his part.

The defendant further says that, if his position be correct, the declaration must allege a failure by Thomas to account and pay over such moneys, either by reason of his negligence, his conversion of the moneys, or some other fault of his; otherwise a good cause of action will not be stated.

But to this court it seems that the obligation of the bond is to "account for" and "pay over," and if the obligor fails to "account for" and "pay over," he is liable in the absence of a valid excuse.

This court assents to the proposition laid down in Mechen on Public Officers, Section 297 (an authority cited by counsel for defendants).

"The undertaking of the principal and of his sureties for him, that he will faithfully perform the duties of his office, includes either expressly or impliedly, that he will pay over the public funds which come into his hands. The question therefore arises what loss of the public funds can excuse him and his sureties from this undertaking. And as, obviously, no loss can excuse them which is based upon the officers own negligence or default, the question becomes narrowed to this, "What loss occurring without his negligence or default will excuse them?"

The conclusion that the obligation of the City Register's bond is to account for and pay over the moneys received by him by virtue of said office, seems also to be confirmed by the language of the Court of Appeals in State vs. Wilson, 107 Md. 129, in regard to a tax-collector's bond.

If then such is the City Register's obligation, it seems to the court, both on the authorities cited and on reason, that a breach of this obligation is alleged in the narr. and—assuming this obligation to be valid—any state of facts which will excuse its breach, must be set up by the defendants, like any other excuse, by plea, in the nature of a plea in confession and avoidance.

If the court is correct in this view it follows that whatever construction be given to the bond, and whether the view of the plaintiff or the defendant be taken as to the character of "excuse" permitted, this demurrer must be overruled, provided the bond be not altogether void.

If the bond properly construed is—as argued strenuously by the defendant—"merely a fidelity bond," and no broader than contemplated by the statutes and ordinances, it is obvious that a declaration, which is held to charge the obligors with a breach of it, must be good on demurrer.

If the bond properly construed, is broader than contemplated by the statutes and ordinances, and is therefore not a proper statutory official bond, but is valid as a voluntary bond, it is again obvious that a declaration charging its breach is good.

If the bond properly construed is broader than contemplated by the statute and ordinances, and is, therefore, not a good official bond in toto, and is also not good as a voluntary bond, but is void as an official bond only as to the excess above the requirements of the law, it is also obvious that the declaration must be good if it charges a breach of any of the conditions which are valid.

It is admitted, and must be conceded by every one, that the condition that Thomas "shall well and faithfully execute the duties of said office in all things appertaining thereto" is within what the Statute and Ordinances justify, and this court, for the reasons just given, has already held that the allegations in the declaration constitute a breach of this condition.

It is only in the event that the bond, as properly construed, is broader than contemplated in the Statutes and Ordi-

nances, and is not a good statutory official bond; and is also not good as a voluntary bond; and that the fact of the existence of the unjustified conditions renders void not only these conditions, but avoids the whole bond including the conditions authorized, that the demurrer could be sustained.

In the opinion of this court such a consequence would not follow from the presence in the bond of conditions in excess of, and not authorized by, the Statutes and Ordinances.

The argument of the defendant's counsel, able, strenuous, eloquent and thorough as it was, did not very strongly press this as the law.

But whether or not the contention was made it would seem to the court that in Maryland the point is a closed one.

In the case of Vansant vs. State, 96 Md. 122, the court say: "The condition of the bond was that if said Vansant 'faithfully performs the duties now required of him by law, or which may be hereafter required of him by law then the above obligation to be void,' etc. The local law of Baltimore City provides for bonds to be given by clerks of courts of that city in the penalties therein named * * * 'each of said bonds conditioned for the faithful performance of all the duties now required of each of said clerks by law.' The State does not rely upon the latter part of the condition, and it is therefore unnecessary to consider the effect of the language 'or which may hereafter be required of him by law,' excepting to say that it cannot invalidate the other portion of the bond."

It would seem to be directly in the teeth of this authority to hold in the present case that the presence of "the latter part of the condition" invalidated the condition that Thomas should "well and faithfully execute the duties of his office in all things appertaining thereto."

The defendant argued that the Vansant case ought not to be conclusive upon this point, because, in this case, the bond was given to the State, which is a "Sovereignty," and so has power to accept a voluntary bond which may not be required by law, while a municipal corporation, like the plaintiff in this case, having only such powers as are conferred by statute, can only accept such bonds as are authorized by some statute or ordinance passed in pursuance of statute.

But it is obvious that this consideration—even if correct—only goes to the point as to whether the unauthorized conditions are valid. It has nothing to do with the decision that, even if, in a bond containing a valid condition, an invalid condition is also found, the presence of the invalid condition "can not invalidate the other portion of the bond."

This court accepts the limitation insisted upon by defendant's counsel, that in order to apply this principle, the invalid conditions must be capable of separation, and not inextricably associated with the valid condition, but holds that the case here is within the limitation. Indeed, in one portion of their argument, the counsel for defendant suggested the striking out of all the other conditions, leaving, as the limit of defendant's liability, the condition above cited, viz: that Thomas "should well and faithfully execute the duties of his office in all things appertaining thereto."

The conclusions of this court, therefore, are:

1st. The declaration is not invalid because stating matters of law and not of fact.

2nd. The "obligations" of Thomas and his sureties under the condition that he will "well and faithfully execute the duties of his office in all things appertaining thereto" is that he will pay over or account for the public funds which come into his hands by virtue of his being such officer, and a breach of this obligation is sufficiently charged in the narr.

3rd. If "Thomas has any excuse" he must plead it.

Then the sufficiency of his excuse can be determined on demurrer if the plaintiff so desires.

Or, perhaps, Thomas may traverse some essential allegation of the narr. and raise the questions here argued at the trial when evidence is adduced.

This court regrets that after the full, able and instructive arguments already heard it feels prevented from now determining all the questions raised.

But it seems obvious that the best way of determining whether Thomas has a valid excuse, is first to hear what his excuse is. Otherwise this—a court of first instance—would be going out of its way to pass by obiter dicta upon moot questions.